IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| QUADRAY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-066 |
| | ) | |
| TELFAIR STATE PRISON,[1] | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court **DIRECTS** the **CLERK** to update the Defendant in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (See doc. no. 1.)

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

## II.     DISCUSSION

### A.     Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes: (1) Hobbs v. CO II Williams, et. al., Civ. Act. No. 522-434 (M.D. Ga. June 2, 2023) (dismissed for impermissible shotgun pleading and failure to comply with court's order); (2) Hobbs v. Dooly State Prison, Civ. Act. No. 522-392 (M.D. Ga. Jan. 18, 2023) (dismissed for failure to state a claim); and (3) Hobbs v. Mercer, Civ. Act. No. 210-057 (S.D. Ga. June 11, 2010) (dismissed for failure to state a claim). Plaintiff also recently had two cases dismissed as malicious because he abused the judicial process by providing dishonest information about his prior filing history.[2] See Hobbs v. Wheeler Correctional

---

[2] The Eleventh Circuit has approved imposing a strike under § 1915(g) for a dismissal based on providing dishonest information about prior filing history. Ingram v. Warden, 735 F. App'x 706, 707 (11th Cir. 2018) (*per curiam*).

2

Facility, Civ. Act. No. 322-140 (S.D. Ga. Mar. 31, 2023); Hobbs v. Wheeler Correctional Facility, Civ. Act. No. 323-001 (S.D. Ga. Mar. 31, 2023). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). General or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Off., 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

In his hand-written, twenty-page statement of his claims, Plaintiff generally complains of verbal harassment, denied grievances, limited access to the law library, cancelled dental appointments, treatment by staff, placement in segregation, and overall living conditions while housed at TSP. (See generally doc. no. 1.) Plaintiff also alleges that prison officials are controlling his "thought processor," forcing him to think certain thoughts or perform certain acts. (Id. at pp. 8-18, 20-26.) None of the issues complained of are related to an imminent danger of serious physical injury.

To the extent Plaintiff alleges he needs to be seen by a dentist or oral surgeon and has requested such care since November 2022, he provides no details about any underlying dental

condition(s) or diagnoses, let alone provides any information about the type of treatment he needs. (Id. at pp. 5-6.) At best, Plaintiff describes a cancelled dental appointment on April 11, 2023, (id. at p. 5), and one request to schedule a dental appointment on May 4, 2023, which Plaintiff alleges was never referred to the appropriate medical personnel, (id. at p. 6). Further, the record does not support a conclusion he has been denied all manner of medical treatment, as Plaintiff was seen by medical on April 24, 2023. (Id. at p. 6.) Rather, he complains that he has been deprived of a certain type of treatment and/or doctors that he believes he needs. Thus, by his own admission, Plaintiff has not been denied all care. Cf. Brown, 387 F.3d at 1350 (recognizing exception satisfied where "total withdrawal of treatment for serious diseases, as a result of which [the plaintiff] suffers from severe ongoing complications," makes the plaintiff more susceptible to various illnesses and rapid health deterioration).

To the extent Plaintiff alleges the use of padlocks constitutes a fire and safety hazard, these claims are too speculative to satisfy the imminent danger exception. Plaintiff alleges there are "padlocks on all the doors," and as a result, Plaintiff faces danger in a fire or other emergency if a staff member in possession of the key is not present at the time of the emergency. (Doc. no. 1, pp. 5-6); see Daker v. Bryson, 784 F. App'x 690, 693 (11th Cir. 2019) (rejecting "a claim that is simply too speculative to establish that he is under imminent danger of serious physical injury").

In sum, Plaintiff's general and conclusory allegations about his treatment and living conditions at TSP do not satisfy the imminent danger exception. See Odum v. Bryan Cnty. Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Thus, Plaintiff

fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

The form on which Plaintiff submitted his claims requires that prisoner plaintiffs disclose whether they have filed other lawsuits in federal court while incarcerated in any institution. (Doc. no. 1, pp. 2-4.) Moreover, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the disposition of the case(s). (Id. at 2.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2-4.) One portion of the form also requires disclosure of any cases that were dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 3.)

Here, under penalty of perjury, Plaintiff only identified seven of his previous lawsuits and identified four of those cases as dismissed for being frivolous, malicious, or failing to state a claim. (Id. at 2-4.) The other three identified cases were still pending at the time Plaintiff filed his complaint. The Court, however, is aware Plaintiff previously filed two other cases in federal court: Hobbs v. Dooly State Prison, Civ. Act. No. 522-392 (M.D. Ga. Jan. 18, 2023) and Hobbs v. Telfair State Prison, Civ. Act. No. 323-027 (S.D. Ga. Aug. 7, 2023). Plaintiff commenced these two cases before filing his complaint in the instant case, meaning he had every chance to fully disclose his prior filing history along with the seven cases he listed.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

5

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Off., 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012). Moreover, the practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

6

Under penalty of perjury, and as described in detail above, Plaintiff failed to truthfully disclose his prior filing history and provided blatantly dishonest answers to the questions on the complaint form.  Moreover, Plaintiff states the events alleged in his complaint began in December 2022; thus, he still has the opportunity to timely re-file his claims. (Doc. no. 1, p. 5.) Therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for failure to fully disclose Plaintiff's filing history.

### III.   CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g).  Thus, he fails to demonstrate that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the case should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.

Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 22nd day of August, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA